IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PEDRO JUAREZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No.  25-cv-06611-CRB<br><br>**ORDER SCREENING COMPLAINT; DISMISSING IN PART** |

Plaintiff Pedro Jaurez, Jr., brought an action under 42 U.S.C. § 1983 against the City and County of San Francisco ("CCSF"), Officer Peter Kruger, and Officer Ryan Kwong (collectively, "Defendants") stemming from an attack by another inmate.[1]  Compl. (dkt. 1).  Since Plaintiff is a prisoner, Defendants requested that the Court screen the complaint under 28 U.S.C. § 1915A(a).  Request.  The Court does so now and **DISMISSES** the complaint in part.

I.    **BACKGROUND**

   A.    **Factual Background**

Plaintiff is an inmate in custody of the Federal Bureau of Prisons and housed at FCI Mendota.  Compl. ¶ 4.  He was first booked into custody as a pretrial detainee on August 16, 2023.  Then, on June 29, 2024, Officer Kwong—along with other sheriff deputies— violently extracted Plaintiff from his cell, without justification.  Id. ¶ 12.  Plaintiff

---

[1] Plaintiff was unaware of the full names of Officers Kruger and Kwong.  Compl. ¶¶ 6–7.  But since Defendants have provided their full names, the Court will proceed accordingly.  Request (dkt. 12) at 1.

remained compliant despite the alleged lack of justification and was transferred to a safety cell. Id. ¶ 13. He stayed in the safety cell for about a full day before he was released. Id. ¶ 14. Upon release, Plaintiff was sent to a different cell that had no access to a phone, commissary, or television, and was not allowed outside except to shower. Id. ¶ 15. Plaintiff was kept in the new cell even after the write-up justifying his safety cell placement was dismissed. Id. ¶ 16. His grievances went unanswered, and he was subsequently barred from resuming work after filing them. Id. ¶¶ 17–18.

On July 17, 2024, Plaintiff was transferred again—this time to a different jail. Compl. ¶ 19. The next day, Plaintiff was unpacking his things when DeShawn Nicholson, another inmate, began yelling at him. Id. ¶ 20. After the confrontation escalated, a sheriff deputy that Plaintiff did not know approached the two men. Id. But while the deputy was present, he did nothing to intervene or otherwise separate the two men. Id. Nicholson initially walked away but suddenly returned and punched Plaintiff in the face. Id. ¶ 23. Plaintiff was thrown backwards and hit his head on the bed, losing consciousness. Id. Nicholson proceeded to beat Plaintiff while he was immobile on the floor. Id. The deputy did nothing to intervene and Nicholson only stopped on his own volition. Id. ¶¶ 23–24.

Plaintiff was subsequently transferred to San Francisco General Hospital, where he received stiches on his face and head. Compl. ¶ 25. Due to the attack, Plaintiff had a broken nose, a fractured right cheekbone, and bruises all over his body. Id. ¶ 26. Also concussed, Plaintiff has been dealing with blurry and double vision along with initial short-term memory loss. Id. Despite receiving the hospital's after-care instructions, CCSF medical staff and sheriff deputies did not follow them. Id. ¶ 27. They did not keep his head elevated in a dimly lit room or provide a medical bed. Id. His ongoing pain was ignored. Id. ¶ 28. And he never received follow-up appointments, even though he potentially needed surgery. Id. ¶ 29.

Despite his fear that filing prior grievances resulted in retaliation, Plaintiff filed an additional grievance on December 13, 2024 about the attack to Officer Kruger, but Officer Kruger refused to accept it. Compl. ¶ 31. He then took the grievance to another deputy,

Officer Lal, who said he would get it on file. Id. ¶ 32. Five days later, Plaintiff again filed a grievance about the incident and explained that he had already tried filing a grievance but the prior one remained unaddressed. Id. ¶ 33. Believing he was being retaliated for the grievances by receiving less food and not getting his mail, Plaintiff filed a third grievance about the incident on December 25, 2024. Id. ¶ 34. He was told by Officer Vargas, a senior deputy, that they were too busy to respond during the holidays despite the policy requiring a grievance meeting within 72 hours of filing. Id. ¶ 35. In January, another senior deputy, Officer Davis, told Plaintiff that she had reviewed his grievances but had no record of the first one he had filed. Id. ¶ 36.

### B.    Procedural History

Plaintiff first presented a claim to CCSF around January 16, 2025. Compl. ¶ 39. It was denied on February 6. Id. The same day he presented a claim, Plaintiff submitted a Late Claim Application, recognizing that he had missed the claim presentation deadline under California law. Id. ¶ 40. That application was denied on February 10. Id. Plaintiff then filed this action on August 5, 2025. See Compl.

Plaintiff brings eight claims:

- State-created danger in violation of the Fourteenth Amendment (against DOES 1–25)
- Failure to protect in violation of the Fourteenth Amendment (against Officer Kwong and DOES 1–25)
- Violation of due process under the Fourteenth Amendment (against Officer Kwong and DOES 1–25)
- Punitive Conditions of Confinement in violation of the Fourteenth Amendment (against Officer Kwong and DOES 1–25)
- First Amendment retaliation (against Officer Kruger and DOES 1–25)
- Denial of medical care in violation of the Fourteenth Amendment (against DOES 1–25)
- Violation of the Bane Act (against Defendants and DOES 1–25)

3

- Negligence (against CCSF and DOES 1–25)

Compl. ¶¶ 46–70.  Plaintiff seeks damages, including punitive damages, fees and costs, declaratory relief against CCSF, and injunctive relief against CCSF.  Id. (Prayer for Relief).  Defendants then asked this Court to screen the complaint.  Request.

## II.    LEGAL STANDARD

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## III.    DISCUSSION

The complaint has one clear deficiency that warrants dismissal of Plaintiff's state law claims: untimely claim presentation.

Before a plaintiff can sue a public entity or public employee for money damages under state law and for actions within the scope of employment, they must file a government claim pursuant to the California Government Claims Act (Section 810 of the California Government Code).  See Robinson v. Alameda Cnty., 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012).  Claims "relating to a cause of action for death or injury to person or to personal property" must be presented to the agency within six months of the accrual of the cause of action, and claims "relating to any other cause of action" must be presented within one year.  Cal. Gov't Code § 911.2.

Here, Plaintiff concedes that his claim presentation was untimely.  See Compl. ¶ 40. Instead, under Section 911.4, Plaintiff sought to apply for leave to present his late claim,

which was denied. Id. Accordingly, Plaintiff now petitions this Court for an order relieving him from the claim presentation requirement under Section 946.6. Id. ¶¶ 41–45. But this Court does not have jurisdiction to provide such relief. The statute is clear that the "proper court for filing the petition is a superior court." Cal. Gov't Code § 946.6(a) (emphasis added). As a federal court, this Court lacks authority to do what Plaintiff asks. Indeed, for Section 946.6, "the majority of district courts in this circuit interpret the provision as referring only to superior courts, not federal district courts." Guerrero v. Cnty. of Alameda, No. C 18-02379 WHA, 2018 WL 3646818, at *3 (N.D. Cal. Aug. 1, 2018) (collecting cases). Consequently, the Court **DISMISSES** Plaintiff's two state law claims (Bane Act and negligence) without prejudice to filing a petition for relief in state court.

The Court also notes that Plaintiff's repeated use of "John Does" throughout his complaint is permissible at this stage. While the use of "DOES" to identify defendants "is not favored" in the Ninth Circuit, "situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Accordingly, the Court declines to dismiss claims against "DOES" at this time.

## IV.    CONCLUSION

For the foregoing reasons, the Court, pursuant to 28 U.S.C. § 1915A(b), **DISMISSES** Plaintiff's state law claims. Defendants have thirty days to respond to the complaint after the issuance of this Order.

**IT IS SO ORDERED.**

Dated: January 21, 2026

CHARLES R. BREYER
United States District Judge