IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PEDRO JUAREZ,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No.  25-cv-06611-CRB

**ORDER GRANTING MOTION FOR RECONSIDERATION**

Plaintiff Pedro Jaurez, Jr., brought an action under 42 U.S.C. § 1983 against the City and County of San Francisco ("CCSF"), Officer Peter Kruger, and Officer Ryan Kwong (collectively, "Defendants") stemming from officer conduct and an attack by another inmate.  Compl. (dkt. 1).  The Court screened Plaintiff's complaint and dismissed his two state law claims for untimely claim presentation.  Order (dkt. 14).  Plaintiff now moves for reconsideration, urging the Court to partially reinstate his state law claims.  Mot. (dkt. 24).  The Court **GRANTS** Plaintiff's motion.[1]

The Court based its dismissal on Plaintiff's concession that his claim presentation was untimely.  See Order at 4 (noting that Plaintiff filed both a claim and a late claim on the same day).  But Plaintiff points out that his concession did not necessarily extend to the allegations of an inmate attack that occurred on July 18, 2024 (and a cell placement the day before).  Reply (dkt. 26) at 2.  He argues that it can be inferred that the concession was for allegations pre-dating the incident.  Id.  Although the complaint does not clarify the

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for resolution without oral argument.  The Court presumes familiarity with the factual background and applicable law.

United States District Court
Northern District of California

subject matter of Plaintiff's initial claim notice, the Court agrees that it is reasonable to infer that the initial claim can be construed as applying to events occurring on or after July 17, 2024—rendering it timely.  See  Eli Lilly & Co. v. Mochi Health Corp., No. 25-CV-03534-JSC, 2026 WL 1076831, at *6 (N.D. Cal. Apr. 20, 2026) ("On a motion to dismiss, the Court must draw all reasonable inferences in the non-movant's favor and accept the complaint's allegations as true.").

Defendants argue that Plaintiff cannot seek reconsideration because he was not reasonably diligent under Civil Local Rule 7-9(b).  Opp'n (dkt. 25) at 3.  Defendants assert that Plaintiff's failure to respond to their screening request proves lack of diligence.  But Plaintiff was not required to respond to Defendants' request and filed for leave for the instant motion just five days after the Court's screening order.  Dkt. 15.  That is diligent enough.

The Court, however, does agree with Defendants that Plaintiff fails to specify which state law claims were timely.  See Opp'n at 3.  That is because Plaintiff's state law causes of action do not delineate the allegations arising from timely claim presentation from those that are untimely.  See Compl. ¶¶ 65–70.  Accordingly, Plaintiff must amend his complaint to clarify what is timely and actionable for his state law claims.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion and **ORDERS** Plaintiff to amend his complaint as specified above by June 18, 2026.

**IT IS SO ORDERED.**

Dated: May 28, 2026

CHARLES R. BREYER
United States District Judge